Ray MEDINA, Plaintiff–Appellant,

v.

R. HALL; et al., Defendants–Appellees.

No. 01–17079.

D.C. No. CV–99–05292–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER and WARDLAW, Circuit Judges.

MEMORANDUM **

Ray Medina, a California state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action against prison personnel alleging retaliation, denial of due process, and excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review entry of summary judgment de novo. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We affirm in part, reverse in part and remand.

The district court properly granted summary judgment on Medina's claims of retaliation, because he failed to show his punishment constituted an atypical or significant hardship, or that his ability to seek redress was chilled or infringed. *See Resnick v. Hayes,* 213 F.3d 443, 448–49 (9th Cir.2000).

The district court rejected Medina's due process claim under the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Medina's allegation that he was denied procedural due process because of his placement in administrative segregation does not appear to implicate the lawfulness of his release date, and therefore would not be barred by *Heck. Cf. Edwards v. Balisok,* 520 U.S. 641, 646, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). However, Medina does not state a cognizable due process claim under section 1983 because administrative segregation of convicted prisoners does not implicate any protected liberty interest. *Resnick,* 213 F.3d at 449.

** This disposition is not appropriate for publication and may not be cited to or by the

Medina's Eighth Amendment contention regarding excessive force has merit. In finding no genuine issue of material fact regarding the force used against Medina, the district court did not properly consider the allegations in Medina's complaint apparently because of its belief that the complaint was not verified. The court should have considered the complaint because Medina incorporated it in his sworn opposition to summary judgment. *See* Fed. R.Civ.P. 10(c); *Lopez v. Smith,* 203 F.3d 1122, 1132 n. 14 (9th Cir.2000) (holding verified complaint serves as affidavit for summary judgment purposes). Medina's complaint creates genuine issues of material fact as to his allegations of wanton and unnecessary force. We therefore reverse and remand for further proceedings consistent with this order.

Appellees' Motion for Judicial Notice is granted.

Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.